UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Bernhard Kühmstedt, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Independent Digital News & Media Ltd, d/b/a "Independent UK"; and Does 1-10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR**:<br><br>1. COPYRIGHT INFRINGEMENT<br><br><u>JURY TRIAL DEMANDED</u> |

Plaintiff, Bernhard Kühmstedt ("Kühmstedt"), by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Kühmstedt is an individual currently residing in Munich, Germany.

5. Kühmstedt is informed and believes and thereon alleges that Defendant Independent Digital & Media Ltd, d/b/a "Independent UK" ("Independent") is United Kingdom based media company that is doing business in and with New York, New York.

6. Kühmstedt is informed and believes and thereon alleges that Defendants Does 1 through 10, inclusive, are other parties not yet identified who have infringed Kühmstedt's copyrights, have contributed to the infringement of Kühmstedt's copyrights, or have engaged in one or more of the

wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Kühmstedt, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Kühmstedt is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Kühmstedt's rights and the damages to Kühmstedt proximately caused thereby.

## CLAIMS RELATED TO THE SUBJECT PHOTOGRAPH

8. Kühmstedt created and owns the original photograph of Swedish pop rock duo, Roxette, that was first published abroad (the "Subject Photograph"). Kühmstedt is the sole owner of all exclusive rights in and to the Subject Photograph.

9. The Subject Photograph is not a United States work within the meaning of 17 U.S.C., § 101.

10. As a result of the foregoing, Kühmstedt is exempt from the registration requirements set out at 17 U.S.C., § 411(a).

11. Kühmstedt is informed and believes and thereon alleges that following his publication and display of the Subject Photograph, Defendants, and each of them used the Subject Photograph without Kühmstedt's authorization for commercial purposes in various ways, including, but not limited to, publicly displaying the Subject Photograph as the primary draw image fir an article titled "Roxette songwriter Per Gessle pays tribute to Marie Fredriksson: 'What a dream we got to share'" on Independent's commercial website at URLs: https://www.independent.co.uk/topic/roxette  ("Infringing Content"), and

https://www.independent.co.uk/arts-entertainment/music/news/roxette-marie-frediksson-dead-per-gessle-songs-must-have-been-love-listen-to-your-heart-a9240591.html ("Article").

12. A true and correct copy of the Subject Photograph and the Infringing Content are set forth below:

| **Subject Photograph** |
|---|
|  |

| Infringing Content |
|---|
|  |

13.     Upon information and belief, Kühmstedt alleges that Defendants, and each of them, have willfully copied, reproduced, and distributed the Subject Photograph for commercial benefit by, without limitation, reproducing the Subject Photograph online, including without limitation at the website https://www.independent.co.uk/us.

14. Kühmstedt at no point authorized Defendants, or any of them, to use Subject Photograph as complained of herein. A comparison of the Subject Photograph with the Infringing Content reveals that the elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the images are identical or at least substantially similar.

### FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

15. Kühmstedt repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

16. Kühmstedt is informed and believes and thereon alleges that Defendants, and each of them, infringed Kühmstedt's copyright by creating an infringing and/or derivative work from the Subject Photograph and by publishing the work which infringes the Subject Photograph to the public, including without limitation, on and through their website(s).

17. Kühmstedt is informed and believes and thereon alleges that Defendants, and each of them, infringed Kühmstedt's rights by copying the Subject Photograph without Kühmstedt's authorization or consent, creating unlawful derivative works from the Subject Photograph, and removing attribution to Kühmstedt from the Subject Photograph.

18. Kühmstedt is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photograph, including, without limitation, through viewing the Subject Photograph on Kühmstedt's website, publications, profiles, exhibitions and/or through other authorized channels, over the internet, including without limitation as accessed via a search engine, or through a third party source. Access is further evidenced by the exact reproduction of the Subject Photograph in the Infringing Content.

19. Due to Defendants', and each of their, acts of infringement, Kühmstedt has suffered general and special damages in an amount to be established at trial.

20. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Kühmstedt's rights in the Subject Photograph. As such,

Kühmstedt is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photograph in an amount to be established at trial.

21. Kühmstedt is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to further damages.

**PRAYER FOR RELIEF**

22. Wherefore, Plaintiff prays for judgment as follow against all Defendants and with respect to each claim for relief:

   a. That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyright in and to the Subject Photograph.

   b. That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. § 505, 1203.

   c. That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. § 505, 1203;

   d. That a trust be entered over the Infringing Content, and all profits realized through the infringement;

   e. That Plaintiff be awarded pre-judgment interest as allowed by law;

   f. That Plaintiff be awarded the costs of this action; and

   g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: March 12, 2025  By: */s/ Scott Alan Burroughs*
New York, New York    Scott Alan Burroughs, Esq.
              David Michael Stuart Jenkins, Esq.
              DONIGER / BURROUGHS
              247 Water Street, First Floor
              New York, New York 10038
              (310) 590 – 1820
              scott@donigerlawfirm.com
              djenkins@donigerlawfirm.com
              Attorneys for Plaintiff
              Bernhard Kühmstedt